NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HENRY A. AND WILMA KELLEY,
Individually and on Behalf of All Others
Similarly Situated,

            Plaintiffs,

v.

AERIE PHARMACEUTICALS, INC., et al.,

            Defendants.

Civ. No. 15-3007

OPINION

THOMPSON, U.S.D.J.

INTRODUCTION

      This matter has come before the Court on two Motions to Appoint Lead Plaintiff and Lead Counsel made pursuant 15 U.S.C. § 78u-4: the Motion of Dirk Oellers ("Oellers") (Doc. No. 13) and the Motion of the Michigan Association of Public Employee Retirement Systems ("MAPERS") Group (Doc. No. 14). No party opposes either of these motions, but Oellers has filed a notice with the Court stating that he does not oppose the appointing of the MAPERS Group as lead plaintiff given that its stated financial interest is larger than Oellers. (Doc. No. 17). The Court has decided the Motions after considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, the MAPERS Group's Motion will be granted and Oellers' Motion will be denied.

STANDARD AND ANALYSIS

      The pending motions arise in the context of a securities class action, and thus the Private Securities Litigation Reform Act of 1995 ("PSLRA") applies per the requirements of 15 U.S.C. § 78u-4(a)(1). Under the PSLRA, purported members of the plaintiff class may file a motion to be

1

appointed lead plaintiff, and the court is to appoint the movant who is the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).  In assessing motions to be appointed lead counsel, there is a rebuttable presumption that the movant who has the "largest interest in the relief sought by the class" and otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 shall be appointed lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii).  Here, both Oellers and the MAPERS Group agree that the MAPERS Group, whose financial interest in the case is $354,110.21, is greater than Oellers' interest, which is $65,449.  Rule 23 states that a class representative's claim must be typical of the claims in the class and the representative must fairly and adequately protect the interests of the class.  The MAPERS Group asserts the same injuries and the same theories of relief as the other class members, so the typicality requirement is met.  The MAPERS Group's chosen counsel, the firm of Robbins Geller Rudman & Dowd LLP as lead counsel and Cohn Lifland Pearlman Herrmann & Knopf LLP as liaison counsel, have considerable experience with securities class actions and excellent reputations.  There are no other indications that the MAPERS Group's interests are antagonistic to the other class members'.  Accordingly, the requirement to fairly and adequately protect the interests of the class is met here.  There being no rebuttal to the presumption that the MAPERS Group is the most adequate plaintiff because it has moved to be appointed lead plaintiff, has the largest financial interest, and complies with the requirements of Rule 23, the Court finds that the MAPERS Group should be appointed lead plaintiff.  The MAPERS Group's choice of lead counsel will be approved as well under 15 U.S.C. § 78u-4(a)(3)(B)(v).

## CONCLUSION

For the foregoing reasons, the MAPERS Group's Motion will be granted and Oeller's motion will be denied. An appropriate order will follow.

                                                         */s/ Anne E. Thompson*
                                                        ANNE E. THOMPSON, U.S.D.J.